IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| **JAMES PRESTON SMITH,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 5:04-1262** |
| | ) | **(Criminal No. 5:99-0161)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Movant, currently in custody at the United States Penitentiary in Leavenworth, Kansas, filed a Motion to Vacate, Set Aside or Correct his Conviction Pursuant to 28 U.S.C. § 2255 in this Court on November 29, 2004.[1] (Document No. 1.) Movant appears to state five grounds for relief: (1) his conviction was unlawfully obtained by a plea agreement which was unlawfully induced and not entered voluntarily insofar as he did not understand the nature of the charges against him and the consequences of his plea; (2) his counsel was ineffective; (3) the Armed Career Criminal Act is vague and was used to force an unconstitutional plea; (4) *United States v. Miller*, 307 U.S. 174, 59 S.Ct. 816, 83 L.Ed.2d 1206 (1939), was misapplied; and (5) Congress cannot amend the Constitution by legislating. Id.  Movant has also filed an Application to Proceed *in forma pauperis*. (Document No. 30.)

Movant filed a further Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255 and a Motion for Leave to Proceed *in forma pauperis* in the United States District Court for the District

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

of Kansas, Topeka Division, on June 14, 2005. Movant claims in that case that he was "forced into an illegal 'plea bargain' in 1999 . . .." Movant further states that "defendants seek to violate double jeopardy protection by appearing to prosecute by another 'sovereignty' when in fact controlled by the 'sovereignty that already prosecuted defendant for the same crime'. The state prosecution was dominated or manipulated by the same federal authorities that already did prosecute the petitioner." Movant filed several documents which, when read liberally, might be construed to allege constitutional violations based upon the conditions and circumstances of Movant's confinement at the United States Penitentiary in Leavenworth. On July 22, 2005, Movant filed a further document in the Kansas District Court stating essentially the same claims which he raised initially. Movant "challenges his 1999 'plea bargain'" and states as follows:

> In my case, the State prosecution was completely dominated <u>and</u> manipulated by <u>federal officials</u> who rigged the proceedings prior to a State Jury Trial to allow for a subsequent federal prosecution for 'felon in possession of a firearm' and ACCA [the Armed Career Criminal Act], using the <u>same circumstances</u> from <u>the same date</u> with the <u>same state police</u> who conducted <u>a search</u> at <u>the same residence</u>. Petitioner was not informed at or before trial (nor his attorney) of what he would face so as to <u>appraise his actions</u>! This is abuse of '<u>dual sovereignty</u>'!

(Kansas District Court Action, Document No. 7 (Emphasis in the document).) Movant concludes by referencing the Supreme Court's decision in <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Finding that "petitioner's claims in this matter are challenges to the validity of his federal conviction and that such challenges should proceed, if at all, in the district of his conviction pursuant to 28 U.S.C. § 2255", the Kansas District Court transferred the matter to this Court by Order filed on August 8, 2005, and it is designated 5:05-0633 in this Court.[2]

---

[2] Movant filed a further action on November 4, 2005. *See Smith v. Haden, et al.*, Civil Action No. 5:05-0884. Movant sues District Judge Charles Haden and attorney William Turner alleging "violation of all petitioner's constitutional rights, violation of the Jury Selection Act, by

The Kansas District Court correctly determined that Movant's claims amount to challenges to the validity of his sentence imposed in this District. By single count Indictment filed on September 1, 1999, Movant was charged with possessing a firearm having been convicted of a felony in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Criminal No. 5:99-0161, Document No. 1.) Movant entered a guilty plea to the charge contained in the Indictment on April 7, 2000. (Id., Document Nos. 53 - 55.) He was sentenced on July 10, 2000, to a 207 month (17 years and three months) term of imprisonment with credit for 282 days in custody while the charge was pending to be followed by a five year term of supervised release, a $5,000 fine and $100 assessment. (Id., Document No. 63.) Based upon Movant's six prior burglary convictions, Movant clearly qualified for an enhanced sentence of imprisonment of not less than 15 years under 18 U.S.C. § 924(e), the Armed Career Criminal Act, and the District Court's sentence, determined on the basis of the applicable Sentencing Guidelines, is consistent therewith. (Id., Document No. 62.) Movant appealed claiming that the District Court should have granted his motion to suppress evidence seized from his person during a pat-down search, that the statute under which he was convicted was unconstitutional and that his sentence should not have been enhanced under the Armed Career Criminal Act based upon his prior burglary convictions. The Fourth Circuit Court of Appeals affirmed his conviction and sentence. Movant requested review in the United States Supreme Court, and the Supreme Court denied it. United States v. Smith, 18 Fed.Appx. 201 (4th Cir.(W.Va.) Sept.

---

threat, coercion, etc. Did in open court refuse to hear my constitutional rights. Did force petitioner's 'plea bargain'". This case has been assigned to Chief United States District Judge Faber.

17, 2001), *cert. denied*, 534 U.S. 1165, 122 S.Ct. 1180, 152 L.Ed.2d 122 (Feb. 25, 2002.).[3]

On August 23, 2005, Movant filed a Motion to Consolidate this case with Civil Action No. 5:05-0633. (Document No. 20.) Since Movant seeks relief under § 2255 in Civil Action No. 5:05-0633 as he does in this case and therefore the Court will resort to the same law in consideration of his claims, the undersigned finds that consolidation is appropriate and therefore recommends that the District Court grant Movant's Motion.[4] The undersigned further recommends that the District Court regard the date when Movant filed this Civil Action, November 29, 2004, as the date when he initiated his claims for relief under § 2255 as consolidated. As in Civil Action No. 5:05-0633, Movant has filed a number of other documents in this case containing citations to cases and offering legal theories in support of his claim of entitlement to relief under § 2255. Throughout his writing, Movant has consistently asserted that the Indictment by which he was charged was constitutionally defective; constitutional error occurred in his entry of his guilty plea and he should have a jury trial; his counsel was ineffective; and he was improperly deemed to qualify for an enhancement of his sentence under 18 U.S.C. § 924(c). Additionally, Movant references the United States Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and United States v. Booker, __ U.S. __, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005). (Document No. 18.)

## DISCUSSION

---

[3] The Bureau of Prisons' Inmate Locator indicates that Movant's projected release date is January 8, 2015.

[4] The undersigned is filing a Proposed Findings and Recommendation in Civil Action No. 5:05-0633 on the same date as the filing of this Proposed Findings and Recommendation making this same recommendation and recommendation respecting disposition.

The undersigned finds that it is not necessary to consider Movant's claims on the merits. Rather, this case must be dismissed for Movant's failure to file his request for relief under § 2255 within the time limit statutorily prescribed for doing so. 28 U.S.C. § 2255 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) generally provides that an inmate may seek relief under § 2255 within one year from "the date on which the judgment of conviction becomes final[.]" *See* United States v. Wilson, 256 F.3d 217 (4th Cir. 2001), *cert. denied*, 534 U.S. 1086, 122 S.Ct. 823, 151 L.Ed.2d 705 (2002); Young v. United States, 2002 WL 32144768 (S.D.W.Va.), *aff'd*, 46 Fed. Appx. 723, 2002 WL 31142511 (4th Cir. 2002).[5] Some leeway exists for extending the one year period until "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(4).

Movant's sentence became final on February 25, 2002, when the United States Supreme Court

---

[5] Since Congress' enactment of the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2255 has contained a one year limitation period as follows:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

5

refused Movant's request for review. Movant had one year from that date to file a Motion for collateral relief under § 2255. Thus, Movant had until February 24, 2003, to file a request for relief under § 2255. He filed his Motion in this case on November 29, 2004, slightly more than one year and nine months after the one year period had expired. The undersigned can find no basis in this case for extending the period beyond the prescribed one-year period of limitation. It appears that Movant's claims are based entirely upon the proceedings in the District Court which culminated in his conviction and sentence. It does not appear that there was any impediment to his filing of his request for collateral relief within the prescribed one-year period.

Though it is not necessary to address Movant's claims on the merits due to Movant's late filing of his request for relief under § 2255, reading Movant's claims liberally and noting that the United States Supreme Court decided Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), on June 26, 2000, about two weeks before Movant was sentenced and that Movant refers to Apprendi v. New Jersey, Blakely v. Washington and United States v. Booker in his documents, the undersigned considers Movant's Motion under 28 U.S.C. § 2255[6] to Vacate, Set Aside or Correct his Conviction as presenting the question whether his sentence is unconstitutional under the Supreme Court's June 26, 2000, decision in Apprendi, its June 25, 2004, decision in Blakely and its January 12, 2005, decision in United States v. Booker. In Apprendi, the Supreme Court held that

---

[6] The relevant portion of § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490, 120 S.Ct. at 2362 - 63. In Blakely, the Supreme Court reaffirmed the Court's holding in Apprendi and invalidated Washington's sentencing scheme because it required the judge to impose a sentence based on facts neither admitted by the defendant nor reflected in the jury verdict, in violation of the Sixth Amendment.[7] Blakely, 542 U.S. at __, 124 S.Ct. at 2537. In United States v. Booker, __ U.S. __, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005), the Supreme Court applied the holding in Blakely to the Federal Sentencing Guidelines, and held: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." __ U.S. at __, 125 S. Ct. at 756. The Booker holding applies "'to all cases on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" __ U.S. at __, 125 S. Ct. at 769 (quoting Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987)).

      The undersigned finds that the Supreme Court's decision in Apprendi clearly could have no affect upon Movant's sentence because his 207 month sentence was in conformity with the statutory minimum penalty of 15 years as prescribed by 18 U.S.C. § 924(e), the Armed Career Criminal Act. See United States v. Sterling, 283 F.3d 216 (4th Cir. 2002), *cert. denied*, 536 U.S. 931, 122 S.Ct. 2606, 153 L.Ed.2d 792 (2002), holding that Apprendi does not affect an enhanced sentence under § 924(e). Blakely and Booker are inapplicable because Movant's sentence was final well before the Supreme

---

[7] In *Blakely*, the Court defined the phrase "statutory maximum" for *Apprendi* purposes as "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Blakely*, 542 U.S. at __, 124 S.Ct. at 2537 (emphasis in original).

Court's decisions in Blakely and Booker. Again, Movant's sentence became final on February 25, 2002, when the United States Supreme Court refused Movant's request for review. The Supreme Court decided Blakely on June 24, 2004, and Booker on January 12, 2005. The Fourth Circuit Court of Appeals has recently issued a published decision joining nine Circuit Courts of Appeals which had considered whether Booker applies retroactively to persons whose convictions were final prior to the Supreme Court's decision and determined that it does not. United States v. Morris, ___ F.3d ___, 2005WL2950732 (4th Cir.(S.C.) Nov. 7, 2005).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal analysis and **RECOMMENDED** that the District Court **GRANT** Movant's Motion to Consolidate this case with Civil Action No. 5:05-0633 (Document No. 20.), **DENY** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct his Conviction(Document No. 1.) and his Application to Proceed *in Forma Pauperis* (Document No. 30.), **DISMISS** this matter with prejudice and **REMOVE** this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Joseph R. Goodwin. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days (ten days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review

by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) *cert. denied*, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Goodwin, and this Magistrate Judge.

The Clerk of this Court is directed to file this Proposed Findings and Recommendation and mail a copy to Movant, who is acting *pro se*, and counsel of record.

ENTER: December 2, 2005.

R. Clarke VanDervort
United States Magistrate Judge