## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

JAMES PRESTON SMITH,

                    Petitioner,

v.                                           CIVIL ACTION NO.  5:04-cv-01262
                                           Criminal No. 5:99-cr-00161
                                           Consolidated with Civil No. 5:05-cv-633

UNITED STATES OF AMERICA,

                    Respondent.

### ORDER

A review of the docket in these consolidated cases indicates that on December 22, 2005, then assigned United States District Judge, the Honorable Joseph R. Goodwin, adopted the proposed findings and recommendation issued by United States Magistrate Judge, the Honorable R. Clarke VanDervort.[1]  In the proposed findings, the Magistrate Judge found that Petitioner's Section 2255 motion was filed outside of the one-year limitation period set forth by the Antiterrorism and Effective Death Penalty Act of 1996 and that Petitioner's motion was not meritorious. (Proposed Findings and Recommendation (Document 41)).  Petitioner did not file any objection to the

---

[1]  On April 7, 2000, in this district, Petitioner pled guilty to possession of a firearm by a person convicted of a felony in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Thereafter, Petitioner was sentenced to 207 months imprisonment, to be followed by a five (5)-year period of supervised release.  Petitioner appealed his conviction challenging, among other things, the constitutionality of the statute under which he was convicted and contested the enhancements provided for by the Armed Career Offender Act.  In an unpublished per curiam opinion decided September 17, 2001, the United States Court of Appeals for the Fourth Circuit concluded, *inter alia*, that Section 922(g)(1) does not violate the Second Amendment or the Commerce Clause of the United States Constitution.  The Circuit Court affirmed Petitioner's conviction and sentence.  *United States v. Smith*, 18 F. App'x 201 (4th Cir. 2001). The Supreme Court of the United States denied Petitioner's writ of certiorari on February 25, 2002.  *Smith v. United States*, 534 U.S. 1165 (2002).

proposed findings and recommendation. Consequently, on that date, the District Court consolidated Civil Action No. 5:04-cv-1262 with Civil Action No. 5:05-cv-633, denied Petitioner's Motion to Vacate, Set Aside or Correct his Conviction Pursuant to 28 U.S.C. § 2255, dismissed this case and struck this matter from the docket. (Memorandum Opinion and Order (Document 43); Judgment Order (Document 44)). Petitioner did not appeal the ruling.[2]

However, five years later, beginning on January 24, 2011 and ending on April 18, 2011, Petitioner filed a series of documents, one of which is a document titled "Writ of Habeas Corpus." (S*ee* Documents 45-51; *see also* Document 29 in Civil Action No. 5:05-cv-633). The Court has reviewed the substance of each filing and finds that the documents are duplicates of submissions made by Petitioner in *James P. Smith v. United States, et al.*, Civil Action No. 5:08-cv-919. In that matter, the Court considered Petitioner's submissions prior to the issuance of its Memorandum Opinion and Order dated September 8, 2011, wherein the Court construed the Petitioner's petition and subsequent submissions as a challenge to the validity of his sentence and conviction under 28 U.S.C. § 2255. (Memorandum Opinion and Order Adopting Proposed Findings and Recommendation (Document 25)). This Court ultimately determined that it lacked jurisdiction to

---

[2]   Instead, on June 5, 2006, Petitioner filed a document titled "Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255, 2241, 2254(a) and or Non-Statutory Motions Fed. Rules Civ. Pro. 81A," wherein he again challenges the constitutionality of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), proscribing the possession of a firearm by a felon. (*See Smith v. United States*, Civil Action No. 05-cv-0633 (Document 27) (S.D. W. Va. June 5, 2006)). The Court has reviewed Defendant's submissions and finds that Defendant's challenge is substantially similar to allegations raised in *Smith v. Hayden*, Civil Action No.05:06-cv-0479. (*See* Documents 1, 10). In that case, the Court found that Petitioner's habeas applications filed in Civil Action Nos. 5:06-cv-0479, 5:06-cv-0480, and 5:06-cv-0481 amounted to a request for collateral review of petitioner's conviction and sentence under 28 U.S.C. § 2255. *Smith v. Hayden*, No.05:06-cv-0479 (S.D. W. Va. Mar. 28, 2007). The Court, adopting the Magistrate Judge's Proposed Findings and Recommendation, determined that it lacked subject matter jurisdiction to consider the applications because the petitions constituted successive habeas applications and there was no evidence in the record to suggest that petitioner had moved for the appropriate authorization required by 28 U.S.C. 2244(b)(3). (*Id.*) Petitioner appealed that decision and on January 23, 2008, the United States Court of Appeals for the Fourth Circuit affirmed the district court's denial of the petitions. Smith v. Hayden, 267 F.App'x 221 (4th Cir. 2008). Consequently, this Court finds that Petitioner's June 5, 2006 petition is moot.

consider the Petitioner's second or successive motion absent authorization by the appropriate Court of Appeals. (*Id.*)  The United States Court of Appeals for the Fourth Circuit affirmed the ruling. (*Smith v. United States*, 464 F.App'x 137 (4th Cir. Feb. 3, 2012)).  In light of the foregoing, the Court finds that no further action is required with respect to the instant post-judgment filings in this matter.

Finally, this Court is aware that this Petitioner has filed a number of cases in this district challenging his conviction and sentence.  On June 2, 2009, in one of those cases, *James Preston Smith v. Charles Hayden et al.*, the assigned District Judge, the Honorable Thomas E. Johnston, determined that a pre-filing injunction was appropriate for this Petitioner.  *Smith v. Charles Hayden et al.*, Civil Action No. 5:05-cv-00884, 2009 WL 1543910 (S. D. W. Va. June 2, 2009). The determination was made after considering the applicable law for such injunctions and the Court having found that Petitioner had filed twenty lawsuits related to his 2000 guilty plea and subsequent sentence for being a felon in possession of a firearm, many of which were consolidated and dismissed as time-barred and/or without merit.  Specifically, the pre-filing injunction enjoined Petitioner:

> from filing any actions in the United States District Court for the Southern District of West Virginia without the representation of an attorney licenced to practice in the State of West Virginia and admitted to practice in this Court, unless he has first obtained leave of court to proceed pro se and in forma pauperis on the grounds that he is in imminent danger of serious physical injury, or unless he has paid the required filing fee in full.

> [The Court also directed the Clerk of Court] not to accept any additional filings from James Preston Smith without the representation of a[n] attorney as outlined above, payment in full of the required filing fee, or a showing that he has obtained leave of Court.

3

*Smith*, 2009 WL 1543910, at *2.  The docket in Case No. 5:05-cv-00884 does not reveal any appeal of the June 2, 2009 decision.

In what appears to be a manner to circumvent the Court's pre-filing injunction, Petitioner has engaged in conduct wherein he continues to file motions and petitions in cases that have been fully litigated, as illustrated in the instant case.  The filings reviewed by the Court on this day were filed over five years after the District Court entered its judgment order in this matter.  The submissions were inappropriate.  This Court will not permit Petitioner's flagrant disregard of the pre-filing injunction by reviewing his submissions filed in previously fully litigated and closed cases.  The Court **NOTIFIES** Petitioner that any submissions in such cases will be stricken from the docket.  Further, if Petitioner desires to file a civil action in the Southern District of West Virginia, the Court **ORDERS** that he adhere to the Court's standing injunction entered June 2, 2009.[3]

The Court **ORDERS** that Documents 45 through 51 in Civil Action No. 5:04-cv-1262 and Document 29 in Civil Action No. 5:05-cv-633 be stricken.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:        July 19, 2012

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

[3]   The Court observes that Petitioner filed a Complaint and Habeas Corpus Petition in this Court on June 13, 2011.  *James Smith v. United States*, Case No. 5:11-mc-0076.  The same was dismissed on August 23, 2011, for Petitioner's failure to comply with the pre-filing injunction. (*See* Judgment Order (Document 4) (Johnston. J)).

4